Michael CLEARY, Demetry Kenezuroff, Harry Morgan, Bob Owen, Thomas Walter, and Ernest Morgan, on behalf of themselves and all other persons who are now or will be similarly situated, Appellants,

v.

Robert SMITH, Commissioner, Department of Health and Social Services; Roger Endell, Director, Division of Adult Corrections, Department of Health and Social Services; Vernon Caulkins, Assistant Director, Division of Adult Corrections, Department of Health and Social Services; Reverend William Lyons, Beverly Dunham, Frederick Pettyjohn, Al Widmark, and Conrad Miller, all of the Alaska Parole Board; Samuel Trivette, Executive Director of the Alaska Board of Parole, and their subordinates, employees and agents, Appellees.

No. S–11646.

Supreme Court of Alaska.

Nov. 9, 2006.

Donald F. Stumpf, pro se, Seward.

John K. Bodick, Assistant Attorney General, Anchorage, David W. Márquez, Attorney General, Juneau, for Appellees.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

In 1981 a group of adult prisoners confined in correctional institutions owned or operated by the State of Alaska or the Federal Bureau of Prisons (FBOP) filed a class-action lawsuit challenging prison conditions under the Alaska and United States Constitutions. The class was eventually divided into three subclasses. Subclass C consisted of "all Alaska prisoners who are now or who will be confined in institutions which are owned or operated by the FBOP." Subclass C prisoners alleged that their confinement in FBOP institutions was unconstitutional because FBOP conditions were unequal to conditions in institutions operated by the State of Alaska. In 1983 the superior court approved a settlement agreement with respect to subclass C.

Donald Stumpf is a prisoner currently residing in the Spring Creek Correctional Facility in Seward. The State does not contest that Stumpf was a member of subclass C. In April 2004 Stumpf received notice of his classification for transfer to a private detention center in Arizona. Stumpf filed a motion for a preliminary injunction, arguing that the subclass C settlement agreement prevented the State from transferring him. The superior court denied Stumpf's motion and Stumpf appeals.

The superior court's conclusions resolve the contentions now made by the parties on appeal to this court. We agree with the court's interpretation of the settlement agreement and set it out in relevant part at this point.[1]

Plaintiffs, who were members of Subclass C, consisting of the former internees of the federal prison system outside Alaska, argue they have a property interest in confinement in Alaska, by virtue of their 1983 settlement agreement, which reads in relevant part at § A(1), (4):

(1) Defendants will return all Alaska prisoners housed in the FBOP, who request transfer to the State of Alaska to serve the balance of their sentence, no later than December 31, 1987, on the condition that defendants receive appropriations sufficient for the construction of a correctional facility within the State of Alaska capable of housing approximately 300 inmates.

. . . .

(4) Once such funding is obtained and as soon as possible after the correctional facility is constructed, but in no event later than December 31, 1987, Alaska prisoners presently confined in . . . FBOP prisons, shall be housed in correctional facilities within the State of Alaska. . . . It is anticipated that only the rare or unique case will require classification to an institution operated by the FBOP after 1987. . . .

. . . .

As a matter of contract interpretation, the quoted language does not create a contract right in the returning inmates to incarceration in Alaska under all circumstances. The reference to serving the balance of sentences in Alaska is merely descriptive of the request that triggered

1. The quoted portion of the superior court opinion has been edited to conform with the formal standards of this court.

transfer. It cannot reasonably be construed to afford returnees from outside federal prisons rights, superior to all other Alaskan prisoners, to completion of sentences within Alaska.

Read as a whole, the Subclass C Agreement responded to a particular evil, the placement of Alaskan prisoners in a federal prison system, that was deemed by all concerned to be inappropriate. Once Subclass C prisoners returned to Alaska, their only remaining right under the agreement was to avoid future reclassification to FBOP institutions. Otherwise, they merged into the general Alaska prison population, and their rights must be determined under the [Final Settlement Agreement], just as all other Alaskan prisoners. The Subclass C settlement agreement cannot reasonably be read to grant them rights greater than others in the Alaska prison system. More particularly, they do not have a right as former FBOP internees to avoid classification to an out-of-state prison occupied by hundreds of other Alaskan prisoners, which is not an FBOP institution.

Superior Court Judge Douglas J. Serdahely's 1986 order also reached the conclusion that "the Settlement Agreement pertaining to Subclass C cannot fairly be interpreted ... to apply to that category of Alaska prisoners ... transported to [non-FBOP] prison facilities." Five years ago we indicated that "we agree with the reasoning of the 1986 order which declined to read the subclass C settlement agreement as having broad application to out-of-state facilities other than those operated by the Federal Bureau of Prisons." [2] Today we confirm that interpretation and conclude that the subclass C settlement agreement does not apply to the transfer of subclass C prisoners to non-FBOP facilities.

We AFFIRM the superior court's denial of Stumpf's motion.

FABE, Justice, not participating.

2. *Smith v. Cleary*, 24 P.3d 1245, 1249 n. 13