**Richard L. CLARK, Appellant,**

v.

**STATE of Alaska, DEPT. OF CORRECTIONS, Appellee.**

No. S–12135.

Supreme Court of Alaska.

April 20, 2007.

---

75. *Id.*

Richard Lance Clark, pro se, Anchorage.

John K. Bodick, Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

### I. INTRODUCTION

Richard Clark, an Alaska state prisoner, challenges his transfer to Florence Correctional Center in Arizona on the grounds that it violated his right to rehabilitation by denying him visitation with his family and alcohol treatment. While Clark's case was pending before this court, the court of appeals ordered Clark to be resentenced on his underlying criminal conviction. Because the department of corrections transferred Clark back to Alaska pursuant to the court of appeals's decision, Clark's appeal has become moot. Accordingly, we dismiss the appeal.

### II. FACTS AND PROCEEDINGS

Richard Clark, a prisoner of the State of Alaska, is currently serving a sixteen-year sentence with eight years suspended, for assault and arson. Clark is scheduled for release in February 2009. Clark began serving his sentence at Spring Creek Correctional Center (Spring Creek) in Seward. In April 2004 the Department of Corrections considered transferring Clark to an Arizona prison facility.[1] The Spring Creek classification committee informed Clark that he was being considered for transfer to an out-of-state fa-

---

1. The state routinely houses prisoners in contract facilities under a plan to reduce overcrowding of Alaska prisons. *See Smith v. Cleary,* 24 P.3d 1245, 1247 (Alaska 2001).

cility in order to alleviate overcrowding and then conducted a classification hearing.[2]

Clark was present at the hearing. The committee inquired into any visitation Clark received from family. Clark informed the committee that while incarcerated he received visits from family approximately every other month, and that he spoke to his family over the telephone twice per week. He also stated that these visits and phone calls were important to his rehabilitation. Clark asserted that alcohol treatment was his primary rehabilitative need. He informed the committee that he was appealing his sentence, and that he had been previously incarcerated for separate convictions in Ketchikan and Palmer. Based on the foregoing, the committee determined that an out-of-state transfer would not impede Clark's rehabilitation. The committee recommended Clark for transfer to Florence Correctional Center in Arizona.

The superintendent of Spring Creek approved Clark's transfer. The classification committee then notified Clark. Clark filed a department appeal of the transfer order. In his appeal, Clark argued the following: (1) the Native Village Council of Clarks Point recommended that Clark remain in Alaska and eventually be paroled to Clarks Point for alcohol treatment; (2) as an Alaska Eskimo he maintained a traditional lifestyle; (3) his father was ill; (4) the pro se appeal of his sentence would benefit from his presence in Alaska; (5) he was enrolled in a computer class and had applied for a job at Spring Creek; (6) the transfer affected Clark's visitation with family and his right to rehabilitation; (7) he was not informed of the transfer until after he had signed the notice of classification; and (8) the judge who sentenced Clark had recommended Clark serve his sentence in Alaska.

Deputy Commissioner of Corrections Donald Stolworthy rejected Clark's appeal. Stolworthy determined that the transfer would not substantially impair Clark's access to re-

habilitation or treatment, that Clark failed to show any rehabilitative effects of any visitation he had received, and that Clark's prior criminal history and previous incarceration indicated Clark did not have a predominantly rural lifestyle. Clark then filed an administrative appeal to the superior court. In October 2005 Clark was transferred to Florence Correctional Center in Arizona.

Shortly thereafter, the superior court issued an order affirming the transfer. The court found that the classification committee had addressed each of Clark's rehabilitative concerns. The court's order noted that Clark presented no evidence that a potential decrease in visitation would substantially impair his rehabilitation: Clark would remain eligible for work and educational rehabilitation programs in Arizona, Clark's wish to be paroled to Clarks Point could be addressed from Arizona, and Clark had failed to show that his native lifestyle somehow precluded his transfer. Clark filed an appeal before this court.

While Clark's appeal was pending, the court of appeals issued Memorandum and Opinion No. 5125 in October 2006. The court of appeals ordered that Clark be resentenced on his underlying criminal conviction. Pursuant to that decision, the department transported Clark back to Alaska for resentencing. The state then filed an emergency motion to dismiss Clark's appeal and to vacate oral argument. We denied the state's motion but requested that the parties be prepared to discuss mootness issues at oral argument. Oral argument was held on November 8, 2006.

Because we now conclude that Clark's appeal of his transfer decision is moot, we do not decide the merits of his appeal.

## III. STANDARD OF REVIEW

■ We apply our independent judgment to issues of mootness "because as a matter of judicial policy, mootness is a question of law."[3]

---

**2.** It is unclear from the record when Clark was notified of the proposed transfer. Classification staff are required to provide prisoners with at least 48 hours notice of a classification hearing unless notice is waived by the prisoner. There is

no indication that Clark waived the notice requirement in this case.

**3.** *Akpik v. State Office of Mgmt. and Budget,* 115 P.3d 532, 534 (Alaska 2005).

## IV. DISCUSSION

### A. Clark's Appeal of His 2004 Transfer Decision Is Moot.

■ We will not generally decide questions of law "where the facts have rendered the legal issues moot."[4] A claim is moot where a decision on the issue is no longer relevant to resolving the litigation, or where it has lost its character as a "present, live controversy,"[5] that is, where a party bringing the action would not be entitled to any relief even if he or she prevailed.[6]

■ The department contends that because Clark will be resentenced and reclassified prior to any transfer back to Arizona, his appeal should be dismissed. As noted by counsel for the department in both its emergency motion to dismiss the appeal and at oral argument, the 2004 classification decision transferring Clark to Arizona has been vacated. Clark was transferred back to Alaska in late October 2006. Following resentencing, Clark may be classified and housed in Alaska or he may be classified for transfer to Arizona under a new out-of-state transfer determination. In either case, the 2004 administrative decision now before us on appeal would no longer be the operative decision that causes Clark to be housed in Arizona. Clark's appeal of his 2004 transfer decision is therefore moot.

### B. The Public Interest Exception Does Not Apply to Clark's Appeal.

■ We may still review issues that are moot under the public interest exception to the mootness doctrine.[7] In determining whether the public interest exception applies, we consider: "(1) whether the disputed issues are capable of repetition, (2) whether application of the mootness doctrine will repeatedly circumvent review of the issues, and (3) whether the issues are of important public interest."[8] These factors are "not strictly determinative in and of themselves" and the determination of whether to review a moot issue is left to this court's discretion.[9]

■ Turning to the first of the three factors, it is clear that the issues raised by Clark are plainly capable of repetition. Numerous cases involving challenges to out-of-state prison transfers have come before us in recent years.[10] We further recognize that there are a large number of Alaska prisoners routinely housed in Arizona. These prisoners remain separated by enormous geographic distance and economic barriers from their families, community support networks, and loved ones. Clark's claim of a violation of his right to rehabilitation therefore is one that is frequently implicated.

The third factor is also satisfied, because the issues Clark raises in his appeal are plainly of public importance. A prisoner's right to rehabilitation is found in the Alaska Constitution,[11] and is therefore within the public interest. The department is required to consider any impact on a prisoner's right to rehabilitation when considering transfer to an out-of-state facility.[12] We have repeatedly

4. *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001) (quoting *O'Callaghan v. State*, 920 P.2d 1387, 1388 (Alaska 1996)).

5. *Municipality of Anchorage v. Baxley*, 946 P.2d 894, 899 (Alaska App. 1997).

6. *Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1329 n. 2 (Alaska 1995).

7. *Taylor v. Gill St. Invs.*, 743 P.2d 345, 347 (Alaska 1987).

8. *Id.* (citing *Hayes v. Charney*, 693 P.2d 831, 834 (Alaska 1985)).

9. *Hayes*, 693 P.2d at 834.

10. *See, e.g., Cleary v. Smith*, 146 P.3d 997 (Alaska 2006); *Carlson v. Renkes*, 113 P.3d 638 (Alaska 2005); *Brandon v. State, Dep't of Corrs.*, 938 P.2d 1029 (Alaska 1997).

11. ALASKA CONST. art. I, § 12 ("Criminal administration shall be based on ... the principle of reformation.").

12. AS 33.30.061(a) allows the commissioner to place a prisoner in an out-of-state correctional facility. AS 33.30.061(b) allows the commissioner of the department to designate a prisoner for transfer only upon a determination that the "rehabilitation or treatment needs of the prisoner will not be substantially impaired." *See also* 22 Alaska Administrative Code 05.252(a) (prisoner may be transferred upon determination that rehabilitation or treatment not substantially impaired).

noted the importance of visitation within the broader right to rehabilitation, as well as the impact of visitation on prisoners and to communities. In *Brandon* we noted:

> Visiting is the most direct link for the inmate with the world left behind. Indeed, visiting is indispensable to any realistic program of rehabilitation. . . .

> Prison visits have long been recognized as critically important to inmates as well as the communities to which the inmates will ultimately return.[13]

We recognize the importance of visitation as one component of a prisoner's rehabilitation and its impact in assisting prisoners in the rehabilitative process. Alaska prisoners, particularly those from bush Alaska, face unique and extraordinary hardships in maintaining family and community ties—ties that are important to facilitating prisoners' rehabilitation.[14]

Analysis of the second factor, however, leads us to conclude that this appeal is moot. Although the issues raised in Clark's appeal are of public importance and are capable of repetition, nothing in the application of the mootness doctrine to Clark's case indicates that the issues he raises will repeatedly circumvent review. Under our decision in *Brandon v. State*, prisoners maintain a clear right to superior court review of their transfer decisions where their right to rehabilitation is impacted.[15] Should the department conduct a new, independent classification hearing, Clark maintains the right to appeal any subsequent transfer decision.[16] Similarly, other Alaska prisoners who are classified for transfer to Arizona may contest their transfer decisions. Thus, there is no reason to believe that the issues raised in this case will repeatedly circumvent review.

## V. CONCLUSION

Because Clark's 2004 classification decision has been superceded by recent events, and Clark has been returned to Alaska, we conclude that Clark's appeal is moot. Because Clark retains the right to appeal any future transfer decision implicating his constitutional right to rehabilitation, the public interest exception to mootness does not apply. We therefore DISMISS Clark's appeal as moot.

---

**13.** 938 P.2d at 1032 n. 2 (quoting 2 MICHAEL MUSHLIN, RIGHTS OF PRISONERS § 12.00 (2d ed.1993) and *Kentucky Dep't of Corrs. v. Thompson,* 490 U.S. 454, 468, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (Marshall, J., dissenting)).

**14.** For those reasons, we are troubled by Clark's contentions that FCC prison officials refused to accommodate a visitation request made by Clark's sister following her arrival at Florence Correctional Center in Arizona after traveling from Dillingham, Alaska. Although we recognize the strain placed on prison administrators and the unique security needs surrounding visitation requests, the importance of facilitating family visitation cannot be denied. Prison officials and administrators must ensure that their operating policies and procedures and prison visitation rules take into account the unique challenges Alaska families regularly encounter when attempting to visit family members who are incarcerated in Arizona.

**15.** *Id.* at 1033.

**16.** Requiring Clark to commence a new internal appeal process once any subsequent transfer decision is issued does of course delay consideration of the merits of Clark's general claims. In effect, he could face a longer period of incarceration in Arizona and increased costs associated with any filing fees incurred by a second round of appellate review. While this delay may be troubling, we expect timely department and judicial review of any future claims by Clark negates any concern that the issues will evade review.