NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

DARIN JONES, )
)  Supreme Court No. S-14634
Appellant, )
)  Superior Court No. 3AN-08-09418 CI
v. )
)  MEMORANDUM OPINION
CORRECTIONS CORPORATION )  AND JUDGMENT[*]
OF AMERICA, )
)  No. 1472 - January 8, 2014
Appellee. )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Darin Jones, pro se, Anchorage, Appellant. Daniel T. Quinn, Richmond & Quinn, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.      INTRODUCTION

A prisoner repeatedly complained about back pain and the type and dosage of the pain medication he received while incarcerated. He underwent back surgery, which was performed by a doctor not employed by the correctional facility. During the surgery, a sponge went missing. A CT scan revealed a foreign metal object, but not the

---

[*]      Entered under Alaska Appellate Rule 214.

sponge. The surgeon performed a second surgery to remove the metal object, which the surgeon reported was left from a prior surgery.

The prisoner filed suit pro se against the correctional facility, claiming inadequate pain management and negligence resulting in an unnecessary second surgery. The superior court granted summary judgment for the correctional facility on both claims. The prisoner appeals, challenging the superior court's grant of summary judgment and several of that court's discovery decisions. We affirm.

## II.     FACTS AND PROCEEDINGS

### A.     Facts

In 2006, Darin Jones was incarcerated at a private corrections facility in Arizona which was owned and operated by Corrections Corporation of America (CCA). The corrections facility was operated pursuant to a contract between CCA and the Alaska Department of Corrections (DOC). In his initial medical intake screening, Jones indicated he had a history of back pain and had previously undergone back surgery. On August 7, 2006, Jones submitted a request to increase his pain medication. Over the next year, Jones continued to complain of back pain. He underwent a variety of diagnostic tests including an X-ray, an electromyogram, and a CT scan. None of these tests was successful in identifying the source of Jones's back pain.

Throughout this period, the prison's records show that Jones received various types of pain medication. Jones continually complained about the type and amount of pain medication that was prescribed. However, investigations of Jones's grievances found they were unwarranted both medically and under DOC policy. In addition, Jones asserted the "pill call logs" were altered and he did not receive medication on several occasions.

Jones was referred to Dr. Abhay Sanan for a neurosurgical consultation at a Tucson hospital. A second CT scan was performed, and Dr. Sanan recommended

surgery. Dr. Sanan and another surgeon performed the surgery on May 21, 2008. At the end of the surgery, there was a sponge missing. A post-operative CT scan revealed the presence of a foreign body in Jones's back. On May 22, 2008, Jones had a second surgery to remove a small metal object.

## B.      Proceedings

In June 2008, Jones filed a pro se complaint against CCA, alleging CCA breached its contract with DOC. Jones claimed CCA: (1) failed to adequately manage his back pain; and (2) provided negligent medical care that resulted in an unnecessary second surgery.[2] In 2009, CCA moved for summary judgment. The superior court found that although Jones had framed his action as a breach of contract claim, his complaint was "more aptly ground[ed] in tort." The court sua sponte considered Jones's complaint as alleging medical malpractice rather than contract claims. The court stayed the motion for summary judgment and directed Jones to secure expert testimony.

At a December 15, 2009 status hearing, the superior court judge explained to Jones that he needed a medical expert to pursue his claims. Jones acknowledged that he needed an expert affidavit, and requested discovery of several items: (1) pill call logs from the prison; (2) correspondence between Dr. William Crane (Jones's treating physician, employed by CCA) and Dr. Sanan; (3) CT scans of Jones's back; (4) Dr. Sanan's explanation of why he performed a diagnostic test "using dye"; (5) prescriptions issued during Jones's stay at the hospital; and (6) Jones's full medical file from CCA. CCA's attorney asserted that Jones had received the pill call logs and full medical file from CCA. The court then directed CCA's attorney to: (1) find out if there had been correspondence between Dr. Crane and Dr. Sanan; (2) provide Jones with the CT scans

---

[2]      Jones also alleged that CCA failed to adequately treat another illness, but nothing in the record addresses this claim and Jones does not appear to raise it on appeal.

and prescriptions from the hospital; and (3) verify that Jones had received his full medical file.

At a May 17, 2010 status hearing, the judge granted Jones a second extension to find a medical expert to support his medical malpractice claims. The judge explained that a failure to provide an expert affidavit would result in dismissal of Jones's claims. Jones asserted that he had a medical expert and was going to file an opposition to CCA's motion for summary judgment. The judge explained that Jones would have to provide his own expert because he had no right to be appointed a panel of experts. And the judge reiterated that medical malpractice claims based on technical knowledge require an expert affidavit.

Ultimately, because Jones was never able to produce an expert, the superior court granted summary judgment on all claims that required an expert to prove negligence. The only remaining claims, which did not necessarily require expert testimony, involved: (1) CCA's alleged failure to administer pain medication; and (2) the allegedly unnecessary second surgery.

On April 22, 2011, CCA again moved for summary judgment on the unnecessary surgery claim, arguing that CCA could not be held vicariously liable for a third-party medical provider's negligence. On June 1, 2011, the superior court granted the motion for summary judgment. The court noted the general rule that employers are not liable for an independent contractor's negligence unless they retain sufficient control of the contractor's work. The court held that there was no justification for holding a prison vicariously liable for a surgeon's unforeseeable negligence.

Regarding Jones's claim of inadequate pain management, the judge stated that based on the affidavit of Jones's treating physician at the correctional facility, Dr. Crane, he "[didn't] see how a jury could evaluate that claim, without hearing from some counter-expert." The judge indicated he was inclined to dismiss unless Jones could

produce an affidavit from a medical expert. The judge acknowledged that he had previously indicated Jones might not need expert testimony and explained he was therefore inclined to give Jones a 60-day continuance to obtain expert testimony. The judge also indicated he would like further guidance before ruling on whether expert testimony was required to support Jones's pain management claim. Based on the grant of summary judgment on Jones's unnecessary surgery claim, the court ruled that all outstanding discovery issues were moot.

On June 21, 2011, CCA filed a motion for summary judgment on Jones's pain management claim. In a final status hearing on December 7, 2011, the superior court granted summary judgment in CCA's favor. The court explained that Jones had not submitted any evidence contradicting Dr. Crane's affidavit, and Jones's unsupported assertions were insufficient to raise an issue of material fact. The superior court entered final judgment; Jones appeals.

## III.    STANDARD OF REVIEW

We review a grant of summary judgment de novo, affirming "where no genuine issues of material fact exist and where the moving party is entitled to judgment as a matter of law."[3] Similarly, whether expert testimony is required to show a breach of duty in a medical malpractice action is a question of law.[4] "We review a superior

---

[3]    *Rathke v. Corr. Corp. of Am., Inc.*, 153 P.3d 303, 308 (Alaska 2007) (citations omitted).

[4]    *D.P. v. Wrangell Gen. Hosp.*, 5 P.3d 225, 228 (Alaska 2000).

court's rulings on discovery issues for abuse of discretion."[5]  "Mootness is a matter of judicial policy and its application is a question of law."[6]

## IV.  DISCUSSION

Jones's pro se brief appears to challenge five aspects of the superior court's decision:  (1) granting summary judgment against Jones when he did not provide expert testimony to support his unnecessary surgery claim; (2) denying Jones's motion for transcripts of the status hearings; (3) failing to require CCA's counsel to depose two correctional officers; (4) denying Jones's request for additional discovery; and (5) failing to require CCA's counsel to depose Jones.  Because pro se litigants' pleadings are held to a less stringent standard,[7] we will attempt to address all issues implicated by Jones's arguments, noting where Jones may not have adequately raised the issues.

**A.  The Superior Court Did Not Require Expert Testimony On Jones's Unnecessary Surgery Claim.**

Jones argues that the superior court erred in granting summary judgment against him for failing to produce expert testimony supporting his unnecessary surgery claim.  Jones correctly notes that expert testimony is not needed in non-technical situations where negligence would be evident to a lay person.[8]  Jones also correctly notes that the superior court stated no expert testimony was necessary to show that it would be negligent for a surgeon to leave an object inside a patient's body.

---

[5]    *Mills v. Hankla*, 297 P.3d 158, 164-65 (Alaska 2013) (quoting *Wooten v. Hinton*, 202 P.3d 1148, 1155 (Alaska 2009)).

[6]    *In re Joan K.*, 273 P.3d 594, 595-96 (Alaska 2012) (citing *In re Tracy C.*, 249 P.3d 1085, 1089 (Alaska 2011)).

[7]    *Rathke*, 153 P.3d at 308-09 (noting that where a pro se litigant's argument is easily discerned from his briefs, courts should consider that argument).

[8]    *Hertz v. Beach*, 211 P.3d 668, 680 (Alaska 2009).

However, Jones appears to have misunderstood the basis for the superior court's decision to dismiss his surgery claim. As to this claim, the superior court did not require that Jones produce expert testimony. Instead, the court concluded that CCA could not be held vicariously liable for Dr. Sanan's alleged negligence. Therefore, Jones's challenge to the court's ruling is misplaced. And Jones has neither appealed the superior court's vicarious liability ruling nor argued on appeal that the superior court's vicarious liability analysis is incorrect. Because neither party has raised or briefed the question whether the non-delegable duty doctrine applies to medical care provided by a state prison,[9] we do not address the issue in this case.

## B. The Superior Court Did Not Abuse Its Discretion By Denying Jones's Request For Transcripts.

Jones argues that the superior court erred by failing to provide him with transcripts of the status hearings in this case. He argues that "without transcripts the appellate court cannot fully determine if the trial judge properly exercised discretion in dismissing Jones['s] case" and that he could have used the transcripts to discover other viable claims.

In response, CCA points out that Jones did not inform the superior court that he needed the transcripts for purposes of appeal. Instead, Jones asked the court to

---

[9]     *Compare Jackson v. Power*, 743 P.2d 1376, 1385 (Alaska 1987) (holding that a hospital has a non-delegable duty to provide non-negligent medical care in an emergency room), *Scott-Neal v. N. J. State Dep't of Corr.*, 841 A.2d 957, 960 (N.J. Super. Ct. App. Div. 2004) (holding the state liable for treatment provided by a jailhouse physician), *Medley v. N.C. Dep't of Corr.*, 412 S.E.2d 654, 656 (N.C. 1992) (same), *and Shea v. City of Spokane*, 562 P.2d 264, 268 (Wash. App. 1977) (same holding for a city jail), *with Herbert v. Dist. of Columbia*, 716 A.2d 196, 201 (D.C. 1998) (holding that the District was not liable for negligent medical care provided by an independent contractor), *and Rivers v. State*, 552 N.Y.S.2d 189, 189-90 (N.Y. App. Div. 1990) (holding that the state was not liable for surgery performed at a hospital outside the correctional facility).

"transcribe all court documents in preparation for trial." Jones's argument that he needed the transcripts for appeal has been waived because he did not raise it in the superior court.[10] And Jones cites no authority supporting his argument that he was otherwise entitled to transcripts of the superior court hearings. Jones attended all of the hearings telephonically and received the log notes and audio recordings for each. We conclude that the superior court did not abuse its discretion when it denied Jones's request for transcripts.

## C. The Superior Court Did Not Err By Failing To Require CCA To Arrange Depositions With Former Employees.

Jones argues that the superior court ordered CCA's counsel to depose correctional officers Coronado and Ole, and, because these depositions never took place, the superior court erred by failing to enforce its order.

Jones initially filed a motion to add Officers Ole and Coronado to his witness list. The superior court granted his motion and stated it would assist Jones in setting up telephonic depositions if he could first demonstrate the relevance and substance of the officers' expected testimony.

At a November 2010 status hearing, Jones claimed Officer Coronado was present during the second surgery when Dr. Sanan removed a foreign object from his body and Officer Ole had knowledge of the administration of Jones's pain medications. The judge responded that he could not help locate and depose Officer Ole, who no longer worked for CCA. At an April 2011 status hearing, the court asked CCA to arrange a telephonic deposition with Officer Coronado, but CCA's counsel informed the court that

---

[10]    *Hymes v. DeRamus*, 222 P.3d 874, 889 (Alaska 2010) ("We have repeatedly held that 'a party may not raise an issue for the first time on appeal.' "(quoting *Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001))); *see also Willoya v. State, Dep't of Corr.*, 53 P.3d 1115, 1125 (Alaska 2002) (holding that a prisoner waived his constitutional claim by failing to raise it in the superior court).

they had not been able to locate him. Later, when the court granted CCA's motion for summary judgment on the surgery claim, it ruled that Jones's request for Officer Coronado's deposition was moot.

Alaska Civil Rule 30(a)(1) provides that "[a] party *may* take the testimony of any person, including a party, by deposition . . . ."[11] Depositions are not a required part of discovery.[12] While superior courts do have the discretion to minimize unfairness and guard against injustice during discovery,[13] we have never held that a court may compel a party to depose a witness over whom the party has no control.

Here, it appears that the parties were unable to locate Officers Coronado and Ole. Neither was employed by CCA at the time a deposition was requested. The superior court here stated that it was willing to arrange for depositions if the witnesses could be located, but courts are not obligated to locate witnesses, schedule depositions for pro se litigants, or order opposing counsel to do either. We conclude that the superior court was not required to order CCA to depose either officer.

We also conclude that the superior court did not err in its June 2011 conclusion that its order to depose Officer Coronado was moot. Jones asserts that Officer Coronado had knowledge relating to the unnecessary surgery claim. However, as explained above, the superior court granted summary judgment for CCA on that claim on the basis that CCA could not be held liable for the negligence of an independent contractor. Officer Coronado's account of the surgery would not have changed this

---

[11]    Emphasis added.

[12]    *See* Alaska R. Civ. P. 26(a)(5) ("Parties may obtain discovery by . . . depositions upon oral examination or written questions[.]").

[13]    *Sec. Indus., Inc. v. Fickus*, 439 P.2d 172, 178-79 (Alaska 1968).

result.[14] Jones had no reason to depose Officer Coronado after summary judgment was granted on that claim, so his request for a deposition was properly declared moot. Officer Coronado's testimony was "no longer relevant to resolving the litigation."[15]

### D. The Superior Court Did Not Err When It Denied Jones's Request For Additional Discovery.

Jones argues that the superior court erred when it denied his request for additional discovery. Jones references the June 21, 2010 status hearing, at which he asked the court to rule on his motion for evidence. It is not clear to which motion Jones was referring, as he had filed many. The judge responded that he would not rule on Jones's request because Jones had "abundant discovery."

Jones seems to argue that CCA disregarded its obligations in discovery matters. However, the superior court ordered CCA to disclose almost all of the material requested in Jones's motions for evidence. The record shows that CCA submitted several disclosures and provided Jones with his full medical file, pill call logs, records from the treating hospital, CT scans, and X-rays. It is not clear what additional evidence Jones sought.[16] We thus conclude that the superior court did not err when it denied Jones's request.

### E. CCA Was Not Required To Conduct A Deposition Of Jones.

Finally, Jones argues that the superior court erred by failing to enforce an order directing CCA to depose him. Jones also asserts that the superior court should

---

[14] There is no assertion or indication that Officer Coronado had any authority in the operating room that would undermine the superior court's finding that CCA lacked control over Dr. Sanan.

[15] *Clark v. State, Dep't of Corr.*, 156 P.3d 384, 387 (Alaska 2007).

[16] In the superior court, Jones appeared to argue that CCA was withholding or had altered evidence, but nothing in the record supports this allegation.

have imposed sanctions for CCA's counsel's misrepresentation to the superior court that they were not able to depose Jones because the correctional facility in which he was housed lacked the capability for video depositions.

From our review of the record, it appears that the superior court never ordered CCA to depose Jones. Nor is there support in the record for Jones's allegation that CCA misled the court about the difficulties of arranging a video deposition at the correctional facility. We find no error on this issue and no grounds to award sanctions.

## V.   CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's judgment.