NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DEBRA R., | ) | |
| | ) | Supreme Court No. S-15271 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-11-00101 CN |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF HEALTH & SOCIAL SERVICES, | ) | |
| OFFICE OF CHILDREN'S SERVICES, | ) | |
| | ) | |
| Appellee. | ) | No. 1509 - July 2, 2014 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances:  Dianne Olsen, Law Office of Dianne Olsen, Anchorage, for Appellant.  Jennifer A. Currie, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before:  Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

**INTRODUCTION**

Debra R.[1] appeals the trial court's termination of her parental rights to her

---

\*        Entered under Alaska Appellate Rule 214.

[1]        A pseudonym is used for privacy protection.

daughter, an "Indian child"[2] under the Indian Child Welfare Act of 1978 (ICWA).[3] Debra primarily challenges the trial court's findings that: (1) she did not remedy within a reasonable time the conduct or conditions that led to the child being in need of aid, such that the child would be at substantial risk of physical or mental injury if returned to Debra; (2) the State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) made active efforts to reunify the family; (3) Debra's continued custody of the child likely would result in serious emotional and physical harm to the child; and (4) it is in the child's best interests to terminate Debra's parental rights. After reviewing the record and considering the trial court's findings under the applicable

---

[2]      *See* 25 U.S.C. § 1903(4) (2006).

[3]      *Id.* at §§ 1901-1963.  ICWA establishes "minimum Federal standards for the removal of Indian children from their families and [for] the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture." *Id.* at § 1902.

Under Alaska Child in Need of Aid Rule 18 parental rights to an Indian child may be terminated at trial only if OCS shows:

(1) by clear and convincing evidence that:  (a) the child has been subjected to conduct or conditions enumerated in AS 47.10.011; (b) the parent has not remedied the conduct or conditions that place the child at substantial risk of harm or has failed within a reasonable time to remedy the conduct or conditions so that the child would be at substantial risk of physical or mental injury if returned to the parent; and (c) active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family;

(2) beyond a reasonable doubt, including qualified expert testimony, that continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child; and

(3) by a preponderance of the evidence that the child's best interests would be served by termination of parental rights.

standards of review,[4] we find no merit to Debra's challenges and therefore affirm the trial court's order terminating her parental rights to her daughter. We also conclude that Debra's challenge to the trial court's denial of her motion for post-trial visitation is moot.

## DISCUSSION

### Termination Order

Debra's challenge to the finding that she had not remedied within a reasonable time the conduct or conditions that rendered her daughter in need of aid is based primarily on her argument that OCS did not make active efforts to assist her in reunifying with her daughter. Accordingly, if the trial court did not err in finding that OCS made such efforts, then the trial court did not err in finding that Debra did not remedy within a reasonable time the conduct or conditions that led to her daughter being a child in need of aid. "In evaluating whether [OCS] has met its active efforts burden,

---

[4]     Whether a parent failed to remedy conduct or conditions that placed a child at substantial risk of harm is a factual finding. *Sherman B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 290 P.3d 421, 428 (Alaska 2012) (quoting *Pravat P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 249 P.3d 264, 270 (Alaska 2011)). Whether OCS made active, but unsuccessful, efforts to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family is a mixed question of fact and law. *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 254 P.3d 1095, 1104 (Alaska 2011) (citing *Ben M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 204 P.3d 1013, 1018 (Alaska 2009)). Whether returning the child to the parent's custody would place the child at substantial risk of physical or mental injury is a factual determination. *Id.* (quoting *Barbara P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 234 P.3d 1245, 1253 (Alaska 2010)). Best interests determinations are factual findings. *Sherman B.*, 290 P.3d at 428 (citing *Christina J.*, 254 P.3d at 1104). We will affirm factual findings that are not clearly erroneous. *Christina J.*, 254 P.3d at 1103 (citing *Maisy W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 175 P.3d 1263, 1267 (Alaska 2008)). We review legal questions de novo. *Id.* at 1104 (citing *Ben M.*, 204 P.3d at 1018).

we look to the state's involvement in its entirety."[5] "The parent's willingness to cooperate is relevant to determining whether [OCS] has met its active efforts burden . . . ."[6] And "a parent's demonstrated lack of willingness to participate in treatment may be considered in determining whether [OCS] has taken active efforts."[7]

Debra's daughter was deemed a child in need of aid under AS 47.10.011(10) because Debra's substance abuse placed her daughter at substantial risk of harm. Debra argues that OCS's efforts to reunify her with her daughter were not active, primarily because OCS did not help her secure placement in a substance abuse treatment facility, and that she could have remedied her substance abuse issues in a reasonable time had OCS made active efforts. The fundamental flaw in Debra's argument is that she refused to cooperate with OCS or make her own efforts to remedy her substance abuse issues until essentially the week before her parental rights termination trial. Given Debra's unwillingness to engage in treatment, the superior court did not err in determining that OCS's efforts were active.[8]

---

[5]     *Jon S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 212 P.3d 756, 763-64 (Alaska 2009) (quoting *Maisy W.*, 175 P.3d at 1268-69 (Alaska 2008)) (internal quotation marks omitted).

[6]     *Id.* at 763 (citing *A.A. v. State, Dep't of Family & Youth Servs.*, 982 P.2d 256, 261-62 (Alaska 1999)).

[7]     *Maisy W.*, 175 P.3d at 1268 (quoting *N.A. v. State, DFYS*, 19 P.3d 597, 603 (Alaska 2001)) (internal quotation marks omitted).

[8]     Debra also contends that the court erred by not delaying the termination trial because when trial started she was waiting for placement in an inpatient substance abuse treatment program. But because Debra failed to cooperate with OCS's efforts and delayed seeking placement until just before the trial, denial of her motion for a continuance was not an abuse of discretion.

Debra also argues that because no expert witness testified that the child would be at risk of serious harm if returned to her, the trial court's finding to the contrary cannot stand as a matter of law. This is incorrect. The court's finding is supported by the opinions of two expert witnesses. Although neither expert stated explicitly that the child would be at risk if returned to Debra, the testimony as a whole supports the trial court's finding, based on all of the evidence presented, that Debra's substance abuse posed a substantial risk of harm to her child.

Finally, Debra argues that the trial court erred in finding that termination of her parental rights was in her daughter's best interest. But the evidence regarding Debra's conduct, history of substance abuse, and poor prospects for recovery demonstrates that reunifying Debra with her child is not in the child's best interests.[9] The court's finding was not clearly erroneous.

We affirm the trial court's findings underlying its termination order, and, therefore, the termination order.

**Post-trial Visitation**

The trial court did not enter an oral termination order at the trial's conclusion, but rather issued a written order about six months after the trial's conclusion. Three months after trial, Debra moved for a visitation review hearing under Alaska Child in Need of Aid Rule 19.1.[10] The court did not rule on her motion until after the final

---

[9]     Debra also argues that the trial court erred by not considering whether a guardianship would have been in her child's best interests, so that Debra and the child could still have contact. But we have held that AS 47.10.088 "does not require that guardianship be considered in termination proceedings, except to the extent that the statute requires the court to order an arrangement that is in the child's best interests." *C.W. v. State*, 23 P.3d 52, 57 (Alaska 2001).

[10]     "At any time in a proceeding, a parent or guardian who has been denied
(continued...)

order terminating Debra's parental rights was issued. The court first terminated Debra's parental rights and then ruled the visitation motion was moot.

Debra argues the trial court erred by denying her the statutory right to a visitation review hearing.[11] But the court correctly determined that the visitation motion became moot once it issued a final order terminating Debra's parental rights: "[A] claim is moot where a decision on the issue is no longer relevant to resolving the litigation, or where it has lost its character as a present, live controversy, that is, where a party bringing the action would not be entitled to any relief even if he or she prevailed."[12] Even if the trial court erred by not earlier responding to or considering Debra's motion, no effective relief now could be ordered by this court; the issue is moot.[13]

## CONCLUSION

Based on the foregoing, we AFFIRM the trial court's order terminating Debra's parental rights to her child.

---

[10]    (...continued)
visitation . . . may move the court for a review hearing." CINA Rule 19.1(a).

[11]    *See* AS 47.10.080(p) (providing that a parent who has been denied visitation by OCS "may request a review hearing").

[12]    *Alyssa B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs*., 165 P.3d 605, 610 n.9 (Alaska 2007) (quoting *Clark v. State, Dep't of Corr*., 156 P.3d 384, 387 (Alaska 2007)) (internal quotation marks omitted).

[13]    OCS suggests the trial court correctly denied Debra's visitation motion because AS 47.10.080(p) and CINA Rule 19.1 do not entitle parties to visitation review hearings after the close of a termination trial but before a termination decision is issued. This argument seems overbroad, but we do not address it here.