Joseph AKPIK, Lydia Sovalik, Joeb Woods, and Abraham Woods, Appellants,

v.

STATE of Alaska, OFFICE OF MANAGEMENT AND BUDGET, Division of Governmental Coordination and Alaska Coastal Policy Council; and Phillips Alaska, Inc., Appellees.

No. S–11078.

Supreme Court of Alaska.

June 24, 2005.

Nancy S. Wainwright, Law Offices of Nancy S. Wainwright, Anchorage, for Appellants.

Bruce F. Anders, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee State of Alaska.

Kevin D. Callahan, Patton Boggs LLP, Anchorage, for Appellee ConocoPhillips Alaska, Inc.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

OPINION

BRYNER, Chief Justice.

## I. INTRODUCTION

Joseph Akpik, Lydia Sovalik, Joeb Woods, and Abraham Woods (collectively "Akpik") are landowners on the North Slope, near the village of Nuiqsut. Phillips Alaska requested that the Alaska Division of Governmental Coordination determine whether a proposed exploratory drilling project near Nuiqsut was consistent with the Alaska Coastal Management Program. The division gave public notice that it would accept comments regarding Phillips's proposed drilling project. Akpik attempted to submit comments after the deadline for comments passed; the division rejected these comments as untimely. The division then approved the Phillips project. Akpik appeals, arguing that the division failed to give proper public notice of the proposed drilling project and erred in determining that it was consistent with the coastal management plan. Because Phillips has now abandoned the project and because Akpik raises no important legal issues that are capable of avoiding future review, we hold that the case is moot.

## II. FACTS AND PROCEEDINGS

In August 2000 Phillips Alaska [1] applied to the Department of Natural Resources ("the department") for a unit expansion in the Colville River Delta Unit area, near Akpik's land. The department gave public notice of the requested unit expansion and set a deadline for public comments. It received two sets of public comments on the proposed expansion, one from Akpik and the other from the North Slope Borough. Akpik expressed concern that the unit expansion would limit access to his land. After considering the comments, the department approved the unit expansion. Its decision noted that Phillips had also applied to other agencies for drilling permits and that there would be an opportunity for comments on those applications during the other agencies' review process. Akpik appealed the department's unit-expansion decision; the Commissioner of Natural Resources affirmed the

decision. Akpik did not appeal this ruling to the superior court.

While the department considered the unit expansion, Phillips also applied to the Division of Governmental Coordination ("the division") for a consistency review, under the Alaska Coastal Management Program, of a winter drilling exploration project that Phillips proposed in the expanded unit. The division gave public notice of the proposed drilling project and set December 19, 2000, as the public comments deadline for its consistency review. The division later suspended the comment deadline for a brief period when another agency requested supplemental information from Phillips; it then set the new comment deadline at January 8, 2001.

Akpik's counsel contacted the division eight days after the comment deadline, requesting information about submitting comments on the drilling project. That same day, Akpik's counsel faxed a set of comments to the division from Akpik. Akpik submitted another set of comments the following week. The division rejected all of Akpik's comments as untimely. It then issued a final consistency determination approving the Phillips drilling project. During the winter drilling season of 2000–01, Phillips drilled one of five proposed wells and one sidetrack well, then plugged and abandoned the project.

Meanwhile, Akpik appealed to the superior court the division's decision to reject his comments. He argued that, because he had commented on the unit expansion, the Department of Natural Resources should have notified the Division of Governmental Coordination that he was interested in providing comments on all projects within the unit expansion. Akpik also argued that the division gave improper public notice of the drilling project and therefore erred in rejecting his comments. The superior court affirmed the division's consistency determination. The court ruled that the department's decision to approve the unit expansion "was the responsibility of a different agency operating under different regulations" and therefore the department was not required to notify the division of Akpik's interest. The superi-

1. Phillips Alaska is now known as ConocoPhillips    Alaska, Inc.

or court also ruled that the division gave adequate public notice of the comment deadline, and thus properly rejected Akpik's comments as untimely. Finally, the court declared that any issue regarding the division's consistency determination was moot because Phillips had completed and abandoned the project in 2001.

Akpik appeals.

## III. STANDARD OF REVIEW

■ We apply our independent judgment in determining mootness because, as a matter of judicial policy, mootness is a question of law.[2]

## IV. DISCUSSION

Akpik's challenges fall into two categories. First, Akpik argues that the department should not have approved the unit expansion without first determining whether it was consistent with Alaska's coastal management program. Second, he contends that the division failed to provide proper notice of the comment period and thereby prevented him from commenting on the drilling project. According to Akpik, this flaw invalidates the division's consistency determination.

### A. The Unit Expansion

■ Akpik argues that because the department's decision to approve the unit expansion noted "that there were direct environmental and other impacts to the coastal zone," the department was required to determine whether the unit expansion was consistent with the Alaska Coastal Management Program. Alternatively, Akpik argues, the division was required to determine whether the unit expansion was consistent with the ACMP before it approved the Phillips drill-

ing project; its failure to do so amounted to improperly phasing the unit expansion.

Akpik's arguments lack merit. Under Alaska law, the department rather than the division is the agency that must approve a unit expansion.[3] Here, the department gave public notice regarding the unit expansion in August 2000. Akpik submitted comments, and the department approved the unit expansion in November 2000. Akpik failed to appeal that decision to the superior court. He then belatedly attempted to challenge the department's decision in his appeal from the division's consistency determination on the Phillips drilling project. Because the division was not responsible for approving the unit expansion or determining whether the expansion was consistent with the ACMP, Akpik challenged the unit expansion in the wrong appeal. By not appealing the department's decision, Akpik waived his right to challenge the unit expansion.

### B. The Phillips Drilling Project

■ Akpik next argues that the division did not properly notify the public of the drilling project, so it erred in rejecting his comments. He asserts that the notice should have been published in the Arctic Sounder instead of the Anchorage Daily News and the Fairbanks News–Miner because the Arctic Sounder is a newspaper of "general circulation" in Nuiqsut,[4] whereas the Daily News and the News–Miner are not. Akpik also argues that the division was required to place the notice in three public places in Nuiqsut, and was required to give public notice again after it suspended and then reinstated the comment deadline. Last, Akpik challenges the division's final decision that the drilling project was consistent with the ACMP, as-

---

**2.** *Ulmer v. Alaska Restaurant & Beverage Ass'n,* 33 P.3d 773, 776 (Alaska 2001).

**3.** *See* AS 38.05.180(p) which provides in relevant part:

> To conserve the natural resources of all or a part of an oil or gas pool, field, or like area, the lessees and their representatives may unite with each other, or jointly or separately with others, in collectively adopting or operating under a cooperative or a unit plan of development or operation of the pool, field, or like area, or a part of it, when determined and

certified *by the commissioner* to be necessary or advisable in the public interest. (Emphasis added.)

**4.** *See City of St. Mary's v. St. Mary's Native Corp.,* 9 P.3d 1002, 1011 (Alaska 2000) (noting that a "newspaper is one of 'general circulation' in a community when it 'contains news of general interest to the community and reaches a diverse readership' ") (quoting *Moore v. State,* 553 P.2d 8, 21 (Alaska 1976)).

serting that the division "failed to take a 'hard look' at the 'whole project'" and improperly allowed the use of general concurrences.

■ Phillips responds that these issues are now moot because the project is completed and the permits have long since expired. We will generally "refrain from deciding questions where the facts have rendered the legal issues moot."[5] "A claim is moot if it has lost its character as a present, live controversy."[6] Because Phillips completed the drilling in 2001, and then plugged and abandoned its well, no relief can be granted to reverse the division's decision to allow the Phillips drilling project in 2000–01.

Akpik argues that Phillips may still drill the remaining wells approved by the division. But the division limited the term of the project to the 2000–01 winter drilling season by requiring that any wells drilled "be completed by April 1[, 2001]." The period of the division's approval has thus expired and the issues raised by Akpik are moot.

■ Even when a case is moot, we may address certain issues if they fall within the public interest exception to the mootness doctrine. Akpik argues that the public interest exception applies in this case. The exception consists of three factors: "(1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine."[7]

Akpik argues that several of the issues he raises are capable of repetition and might repeatedly circumvent review if they are not addressed here. First he points to the issue whether the department should have conducted a consistency review of the unit ex-

pansion, arguing that the department will continue to approve unit expansions without determining whether they are consistent with the Alaska Coastal Management Program. But as we noted above, Akpik failed to appeal the department's decision on the unit expansion and cannot properly raise this issue in proceedings arising from the division's consistency decision.

Akpik next points to his contention that the division failed to give proper public notice of the drilling project. He contends that the division might continue to publish its notifications in newspapers that are not of "general circulation" in Nuiqsut or fail to provide local notice in Nuiqsut. Akpik also contends that the division's practice of suspending and restarting public comment periods without new public notice will repeatedly evade review because exploratory drilling projects are very short in duration, and thus will generally be completed before a court can rule on the issue.

■ But as we noted in *Fairbanks Fire Fighters Ass'n v. City of Fairbanks,* "we have refused to apply the public interest exception to unusual factual circumstances that were unlikely to repeat themselves or situations where the applicable statute or regulation was no longer in force...."[8] The Alaska Statutes have been amended to give the department, not the division, authority over consistency reviews.[9] As a result, the regulations that governed the division's consistency determinations have been repealed.[10] And the department has adopted its own regulations governing consistency determinations.[11] We see no sound basis for concluding that the specific issues disputed here are likely to recur in future cases. Because the public interest exception does not apply in these circumstances, we conclude that Akpik's appeal is moot.

5. *O'Callaghan v. State,* 920 P.2d 1387, 1388 (Alaska 1996) (quoting *Hayes v. Charney,* 693 P.2d 831, 834 (Alaska 1985)).

6. *Kodiak Seafood Processors Ass'n v. State,* 900 P.2d 1191, 1195 (Alaska 1995).

7. *Id.* at 1196.

8. 48 P.3d 1165, 1168 (Alaska 2002).

9. *See* AS 46.39.010, AS 46.40.096.

10. Alaska Reg. 170, pt. 2, July 2004 13–20 (repealing 6 AAC 50).

11. Alaska Reg. 170, pt. 2, July 2004 71–176 (adopting 11 AAC 110, 112, and 114).

## V. CONCLUSION

For these reasons, we AFFIRM the superior court's decision.