Sheldon E. SLADE, Petitioner,

v.

STATE of Alaska, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES, Respondent.

No. S–15352.

Supreme Court of Alaska.

Sept. 26, 2014.

Before: FABE, Chief Justice, WINFREE, STOWERS, MAASSEN, and BOLGER, Justices.

## Order

FABE, C.J.

Sheldon Slade filed an action against the State of Alaska and Al Gilbert, a state employee. Slade alleged a claim against Gilbert under 42 U.S.C. § 1981, which forbids "non-governmental discrimination" that impairs the right "to make and enforce contracts."[1] The Attorney General certified that Gilbert was acting within the scope of his state employment at the time the claim arose, and the superior court substituted the State as a party defendant in Gilbert's place under AS 09.50.253(c). The superior court then granted the State's motion to dismiss Slade's § 1981 claim, reasoning that a § 1981 claim cannot be asserted against the State.[2]

We granted Slade's petition for review on the issue of whether dismissal of the § 1981 claim violated the Supremacy Clause of the United States Constitution or Slade's constitutional right to a jury trial. We also invited the United States Department of Justice to file an amicus brief.[3]

After Slade and the Department of Justice filed their opening briefs, the Attorney General withdrew his certification that Gilbert was acting within the scope of his employment. The State then filed a motion to dismiss this review proceeding, contending the questions presented in Slade's petition were moot. In response to the State's motion, Slade argued that this proceeding should continue under two exceptions to the mootness doctrine: the "voluntary cessation" exception and the "public interest" exception.

In its reply memorandum, the State made a broad promise not to use this certification process on § 1981 claims: "The State acknowledges that Alaska Statute 09.50.253 is inapplicable to claims brought under 42 U.S.C. Sec.1981 and represents that it is the intention of the Attorney General to no longer certify individual state employee defendants on § 1981 claims."

Slade raises some valid reasons to approach this situation with care. In the federal courts, there is a "well settled" rule "that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."[4] This is because, "[i]f it did, the courts would be compelled to leave the defendant free to return to his old ways."[5] We have not previously applied the voluntary cessation exception, but it has obvious relevance to the case at hand.

Under the voluntary cessation exception there is a stringent standard for determining whether a case has been mooted by a defendant's voluntary cessation: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."[6] But "[t]he heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness."[7]

1. 42 U.S.C. § 1981(a), (c) (2012).

2. *See Pittman v. Or. Emp't Dep't*, 509 F.3d 1065, 1074 (9th Cir.2007).

3. We appreciate the participation of the Department of Justice, which has materially advanced the resolution of the issue presented in this proceeding.

4. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982)) (internal quotation marks omitted).

5. *Id.* (quoting *City of Mesquite*, 455 U.S. at 289 n. 10, 102 S.Ct. 1070) (alterations omitted) (internal quotation marks omitted); *see also United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (noting the concerns underlying voluntary cessation doctrine and stating that these, "together with a public interest in having the legality of the practices settled, militates against a mootness conclusion").

6. *Friends of the Earth, Inc.*, 528 U.S. at 189, 120 S.Ct. 693 (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968)) (internal quotation marks omitted).

7. *Id.* (quoting *Concentrated Phosphate*, 393 U.S. at 203, 89 S.Ct. 361) (alterations omitted) (internal quotation marks omitted).

Slade also relies on the "public interest" exception to the mootness doctrine. Under this exception, we consider three factors: "(1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine." [8]

We conclude that the Attorney General's unambiguous policy statement in the State's reply memorandum makes it unlikely that the Attorney General will again certify individual state employee defendants on § 1981 claims. The Attorney General's decision will be binding in this case. And the publication of this order will ensure that other litigants will be aware of this commitment. We thus conclude that the Attorney General has made it "absolutely clear" that this conduct cannot reasonably be expected to recur. This commitment ensures this disputed issue will not be repeated and will not evade future review.

In summary, the State has acknowledged that AS 09.50.253 is inapplicable to claims brought under 42 U.S.C. § 1981 and that the Attorney General will no longer certify individual state employee defendants on § 1981 claims. Based on this commitment, there is no longer any reason to continue the litigation of this issue in this proceeding.

IT IS THEREFORE ORDERED that the State's motion to dismiss is GRANTED. This matter is remanded to the superior court for further proceedings consistent with this order. Slade is entitled to recover his full reasonable attorney fees and costs incurred in connection with this review proceeding.[9]

---

**8.** *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1168 (Alaska 2002) (quoting *Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska 1995)).

