*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JUAN MARTINEZ-MORALES, | ) | |
| | ) | Supreme Court No. S-15805 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-09825 CI |
| v. | ) | |
| | ) | O P I N I O N |
| RONDA MARTENS, | ) | |
| | ) | No. 7083 – February 19, 2016 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Charles W. Coe, Law Office of Charles W. Coe, Anchorage, for Appellant. Gregory R. Henrikson and Laura Eakes, Walker & Eakes, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

PER CURIAM.

## I.    INTRODUCTION

This appeal arises from an accident in a parking lot in which a vehicle driven by Ronda Martens struck pedestrian Juan Martinez-Morales as he crossed the lot. A jury found that Martens was not negligent, and the superior court entered final judgment in her favor, awarding her costs and attorney's fees. Martinez-Morales appeals, arguing that the superior court erred by giving incorrect jury instructions on causation and damages, failing to give a multiple-cause jury instruction, declining to give

Martinez-Morales's proposed jury instructions on the standard of care, and improperly admitting testimony from Martens's accident reconstruction expert. We conclude that Martinez-Morales's arguments relating to jury instructions on causation and damages are moot and that the superior court did not err in its jury instructions on negligence or in its admission of expert testimony. We therefore affirm the superior court in all respects.

## II.    FACTS AND PROCEEDINGS

In June 2012 Juan Martinez-Morales was crossing a parking lot on foot after exiting a restaurant when he was struck by a car driven by Ronda Martens. At trial the parties disputed the facts of the accident. Martinez-Morales claimed he "walk[ed] normally" into the parking lot and past a truck, looked both ways before stepping into the "main path" of the parking lot, and was struck by the front of Martens's vehicle. Martens claimed that she turned into the parking lot, Martinez-Morales "ran right in front" of her, and she stopped immediately.

Martinez-Morales sued Martens for negligence, alleging that Martens was driving too fast in what he considered the wrong lane of the parking lot, failed to warn Martinez-Morales before hitting him, and failed to yield the right of way to a pedestrian. He claimed that Martens's alleged negligence caused him to suffer bodily injury and damages in the form of medical expenses, physical and emotional pain and suffering, lost wages, and loss of the full use of his body and enjoyment of life.

The case proceeded to trial before Superior Court Judge Patrick J. McKay in November 2014. The jury found that Martens was not negligent, and the court entered final judgment in her favor in December 2014, awarding her costs under Alaska Civil Rule 79 and attorney's fees under Alaska Civil Rule 82. Martinez-Morales appeals and requests that we reverse and remand for a new trial.

## III. STANDARDS OF REVIEW

"We apply our independent judgment in determining mootness because, as a matter of judicial policy, mootness is a question of law."[1] "The decision whether to include a particular instruction rests with the discretion of the trial court."[2] "We generally review a trial court's decision to admit expert testimony for abuse of discretion and will reverse 'only when left with the definite and firm conviction that the trial court erred in its decision.' "[3]

## IV. DISCUSSION

### A. The Issues Of Jury Instructions On Causation And Damages Are Moot.

Most of Martinez-Morales's appeal comprises objections to jury instructions given on causation and damages.[4] Martinez-Morales argues that the jury instructions on causation were "not completely based on Alaska case law" and that they "put an enhanced burden of proof on plaintiffs" in civil personal injury cases. He contends that the instructions misstated the law by providing an "incorrect definition of

---

[1] *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005) (citing *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001)).

[2] *Coulson v. Marsh & McLennan, Inc.*, 973 P.2d 1142, 1150 n.21 (Alaska 1999) (quoting *Shane v. Rhines*, 672 P.2d 895, 901 (Alaska 1983)).

[3] *Thompson v. Cooper*, 290 P.3d 393, 398 (Alaska 2012) (quoting *Jackson v. Am. Equity Ins. Co.*, 90 P.3d 136, 145 (Alaska 2004)).

[4] The instructions Martinez-Morales challenges are all based on Alaska Civil Pattern Jury Instructions (Pattern Instructions): 03.01 (listing the elements required to recover under a theory of negligence), 03.07 (advising jurors how to determine whether negligence was a substantial factor in causing the harm), 20.06 (instructing jurors on damages for non-economic losses), and 20.18A (instructing jurors not to compensate for harm caused by a failure to mitigate), http://courts.alaska.gov/rules/juryins.htm.

substantial factor"[5] that included the limitation that "negligence cannot be remote or trivial." At trial Martinez-Morales requested that in place of the jury instruction defining "substantial factor," the court give an alternate instruction, which had been used in the past before being replaced by the Civil Pattern Jury Instructions Committee. The proposed language would have instructed jurors that the test for causation is whether "the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it." The court declined to use Martinez-Morales's proposed instruction.

Martinez-Morales also argues that the repetition of the "substantial factor" requirement "multiple times" throughout the jury instructions and on the special verdict form created a higher burden of proof for the plaintiff than is required in other civil cases. Relatedly, he appears to challenge the foundational requirement that negligence must be a substantial factor in causing harm, but his brief to this court on that point is inconsistent.[6] Finally, Martinez-Morales argues that the superior court erred by failing to give a multiple-causation instruction as he requested.

Martinez-Morales also challenges the superior court's decision not to use his proposed damages instruction, which informed jurors about the award of damages for non-economic losses. The proposed language would have instructed jurors: "If

---

[5] The court instructed that to find that a plaintiff may recover under a theory of negligence, the jury must find that the defendant's negligence was a substantial factor in causing the plaintiff's harm.

[6] While Martinez-Morales clearly objects to the use of the "remote or trivial" language, his general position on the substantial factor test itself is inconsistent. At times it seems he is only challenging the inclusion of the "remote or trivial" language in the definition of substantial factor, but elsewhere he argues that "[f]orcing the jury to apply a 'substantial factor test' to determine harm should not be part of the burden of proof" in determining whether a plaintiff can recover under a theory of negligence.

Mr. Martinez-Morales received medical care as a result of being struck on June 28, 2012, you must award a fair amount for the injuries which are a result of what occurred." Martinez-Morales also objects to the mitigation instruction that advised jurors not to award damages for any losses that could have been avoided with reasonable efforts and without undue risk.

We do not need to decide whether the superior court correctly instructed the jury on causation or damages because these issues are moot. An issue "is moot if it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails."[7] In this case, the first question on the special verdict form asked the jury, "Was Mrs. Martens negligent? Answer 'yes' or 'no.' " The jury answered, "No." The superior court then instructed jurors that if their answer to the first question was "no," they were finished with their deliberations and were not to answer any subsequent questions on the special verdict form. The second question, which the jury never reached, asked the jury to determine whether "Mrs. Martens'[s] negligence [was] a substantial factor in causing harm to Mr. Martinez-Morales."

The only instructions the jury needed to determine whether Martens was negligent were the instruction defining negligence as "the failure to use reasonable care to prevent harm to oneself or others," and the instructions setting the standard for reasonable care for pedestrians and drivers. Because the jury determined that Martens had not been negligent, it never reached any questions of causation or damages that would have required them to apply the instructions that Martinez-Morales challenges. Because these issues are moot, we affirm the superior court's instructions and its decision not to include Martinez-Morales's proposed language.

---

[7]     *Alaska Fur Gallery v. First Nat'l Bank Alaska*, 345 P.3d 76, 96-97 (Alaska 2015) (quoting *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).

**B.      The Superior Court Did Not Err By Denying Martinez-Morales's Proposed Instructions On The Standard Of Care.**

While Martinez-Morales's challenges to the jury instructions on causation and damages are moot, his objections to the instructions establishing required standards of care for each party are properly before us.  The court instructed the jury that a driver is negligent if he or she "does not use reasonable care:  1) to keep a lookout for other travelers or obstacles within or approaching the vehicle's line of travel, and 2) to control the speed and movement of the vehicle," and a pedestrian is negligent if "the pedestrian does not exercise reasonable care."[8]  Martinez-Morales submitted two proposed jury instructions that he argues would have provided "additional clarification" of these instructions.

Both of Martinez-Morales's proposed instructions were based on Pattern Instruction 03.04B, which is given when the jury is to consider violation of a particular statute, regulation, or ordinance as evidence of negligence.[9]  The first instruction cited 13 Alaska Administrative Code (AAC) 02.545(b), which provides that "[e]very driver of a vehicle shall exercise care to avoid colliding with a pedestrian, an animal or another vehicle." The second proposed instruction cited 13 AAC 02.050(a), which provides that

---

[8]      These instructions are based on Pattern Instructions 05.01 and 05.03, defining the general duties of care for drivers and pedestrians respectively.

[9]      Pattern Instruction 03.04B, Directions for Use, http://courts.alaska.gov/rules /juryins.htm.  Martinez-Morales argues that the superior court denied his "negligence per se instruction," but our review of the record shows that he did not request a negligence per se instruction.  The instruction for negligence per se is Pattern Instruction 03.04A, not 03.04B, which may be used when the violation of a statute provides some evidence of negligence.  Further, he claims that at trial "the court determined that these regulations do not constitute negligence per se, only evidence of negligence."  Rather, the superior court declined to give either proposed instruction because it found that the regulations did not apply in parking lots.

"[u]pon a road way of sufficient width, a vehicle must be driven upon the right half of the road way." The superior court declined to include either proposed instruction because the court "simply [did not] think that the ordinances . . . apply to a parking lot situation" and therefore any purported violation of the regulation could not constitute evidence of negligence.[10] With regard to the first proposed instruction, the court also determined that concerns about drivers not watching for pedestrians were sufficiently "covered under what [the court] ha[d] already determined to be the motor vehicle duties" under the instruction establishing the standard of care for drivers.

The superior court did not abuse its discretion by failing to give Martinez-Morales's proposed evidence-of-negligence instructions. Regardless of whether 13 AAC 02.545(b) applies to parking lots, an instruction based on that regulation would have been redundant. The instructions given already advised jurors that they should find negligence if they determined that Martens had failed to keep a lookout for people or obstacles or had not been in control of the speed or movement of her vehicle. The proposed instruction based on 13 AAC 02.050(a) was also properly declined because such traffic regulations seemingly "apply exclusively to the . . . movement or operation of a vehicle . . . *upon a highway or a state-operated and maintained ferry facility* except where a limited application or a different place is specifically referred to in a section."[11] Because no relevant exception exists in the

_____

[10] At trial, the court noted that while it would not give the requested instruction, it would "overrule any objection to [Martinez-Morales's] argument that [Martens] should have been driving closer to the right-hand side." This assurance should have helped alleviate Martinez-Morales's concerns that the location of Martens's car would not be considered by the jury.

[11] 13 AAC 02.560 (emphasis added).

regulation requiring drivers to drive on the right-hand side of the road, the regulation does not apply in parking lots.

We affirm the superior court's decision not to include either of Martinez-Morales's proposed jury instructions on the standard of care.

## C. The Superior Court Did Not Err By Admitting Testimony Of The Accident Reconstruction Expert.

Finally, Martinez-Morales challenges the superior court's admission of testimony from one of Martens's witnesses, Bob Butcher, an accident reconstruction expert. Martinez-Morales argues that Butcher was unqualified to testify as an expert because he had not taken classes in accident reconstruction in the past 15 years, had not researched or published anything in the field, and was not certified by the relevant national certification group. Martens counters that Butcher had extensive experience in law enforcement and accident reconstruction. The superior court found that Butcher was qualified because "[t]here's no requirement under the rule that [Butcher] actually be certified" and he only "has [to have] more knowledge than the jury, and [be able to] assist the jury."

"Alaska recognizes two general categories of expert testimony: (1) expert opinion based on technical or scientific research and testing; and (2) expert opinion based on practical experience in the relevant field."[12] Testimony based on scientific testimony is subject to the higher standard set out by the U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[13] which we adopted in *State v. Coon*.[14]

---

[12] *Thompson v. Cooper*, 290 P.3d 393, 399 (Alaska 2012) (citing *Marsingill v. O'Malley*, 128 P.3d 151, 159 (Alaska 2006)).

[13] 509 U.S. 579 (1993). *Daubert* established the test for admissibility of scientific expert testimony. As described by this court, the *Daubert* test considers:

(continued...)

By contrast, experience-based testimony is admissible "when the expert witness has substantial experience in the relevant field and the testimony might help the jury."[15] In *Marron v. Stromstad* we held that the *Daubert* requirements do not apply to accident reconstruction experts because such testimony "is clearly within the 'jury's everyday world experience and ordinary mode of reasoning' " and is "the sort of experience-based testimony the admission of which is encouraged by our rules of evidence."[16] In affirming the superior court's admission of testimony, we observed that "[a]ccident reconstructionists . . . have previously been allowed to testify in similar cases," and that it is "self-evident" that "the testimony of such experts assists the trier of fact."[17] Like the

---

[13](...continued)
> (1) whether the proffered scientific theory or technique can be (and has been) empirically tested (i.e., whether the scientific method is falsifiable and refutable); (2) whether the theory or technique has been subject to peer review and publication; (3) whether the known or potential error rate of the theory or technique is acceptable, and whether the existence and maintenance of standards controls the technique's operation; and . . . (4) whether the theory or technique has attained general acceptance.

*State v. Coon*, 974 P.2d 386, 395 (Alaska 1999) (citing *Daubert*, 509 U.S. at 593-94).

[14]     974 P.3d at 395.

[15]     *Thompson*, 290 P.3d at 399 (quoting *Marsingill*, 128 P.3d at 160).

[16]     123 P.3d 992, 1007 (Alaska 2005).  In this respect, we declined to follow the U.S. Supreme Court's decision in *Kumho Tire v. Carmichael*, 526 U.S. 137 (1999). In *Kumho* the Court expanded the *Daubert* requirements to cover all expert testimony, but we "never adopted *Kumho Tire*'s extension of *Daubert*" and in *Marron* we "explicitly decline[d] to do so."  *Marron*, 123 P.3d at 1007.

[17]     *Marron*, 123 P.3d at 1008-09.

accident reconstructionist in *Marron*, Butcher was similarly experienced and has testified in many similar cases.

Martinez-Morales's argument that Butcher was insufficiently trained or qualified is also unconvincing. "There is no requirement that a witness possess a particular license or academic degree in order to qualify as an expert."[18] "[T]he primary criterion . . . is 'whether the jury can receive appreciable help from [that witness].' "[19] Butcher's failure to attend courses or publish in the field does not disqualify him from testifying as an expert witness. We affirm the superior court's decision to permit Butcher to testify.

## V.      CONCLUSION

For the reasons discussed above, we AFFIRM the superior court in all respects.

---

[18] *Martha S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 268 P.3d 1066, 1077 (Alaska 2012) (alteration omitted) (quoting *Handley v. State*, 615 P.2d 627, 630 (Alaska 1980)).

[19] *Marsingill*, 128 P.3d at 159 (quoting *Handley*, 615 P.2d at 631).