NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KENNETH RAY, | ) | |
| | ) | Supreme Court No. S-15541 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-12-02485 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT[*] |
| OF NATURAL RESOURCES, | ) | |
| | ) | |
| Appellee. | ) | No. 1613 – February 8, 2017 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances:  Danny W. Burton, Wasilla, for Appellant. David A. Wilkinson, Assistant Attorney General, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before:  Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

In the face of prospective nearby road construction a property owner sought recognition of his property as a historic place.  He filed his request at the agency level, appealed the agency decision to the superior court, then appealed that decision to us.

---

[*]    Entered under Alaska Appellate Rule 214.

Because the road construction adjacent to his property is complete and he has other avenues to obtain the relief he seeks, we now dismiss his appeal as moot.

## II. DECISION

1. Kenneth Ray owns real property on Fairview Loop in Wasilla, which he alleged includes items of historical significance. The Department of Transportation (DOT) began planning a state-funded road improvement project for Fairview Loop. The project envisioned resurfacing travel lanes, widening shoulders to four feet, improving drainage, installing guardrails, and constructing a separated multi-use pathway. The Alaska Historic Preservation Act directs the Department of Natural Resources (DNR) to "locate, identify, and preserve in suitable records information regarding historic, prehistoric, and archeological sites, locations, and remains."[1] The Act gives DNR discretion to perform a survey before "public construction or public improvement of any nature is undertaken by the state, or by a governmental agency of the state . . . to determine if the area contains historic, prehistoric, or archeological values."[2]

2. In this case DOT, not DNR, conducted a survey. DOT found no properties over 45 years old in the direct "[a]rea of [p]otential [e]ffect." After reviewing Fairview Loop properties more than 45 years old in the *indirect* area of potential effect — including Ray's — DOT determined that only two properties, neither of them Ray's, were eligible to be considered "historic" properties using eligibility criteria for listing on the National Register of Historic Places.[3] DOT concluded that the road project would

---

[1]    AS 41.35.070(a), .240; AS 41.99.900(2).

[2]    AS 41.35.070(b).

[3]    The National Register of Historic Places, implemented by the United States National Park Service, "is the official list of the Nation's historic places worthy of preservation." NATIONAL PARK SERVICE, NATIONAL REGISTER OF HISTORIC PLACES

(continued...)

have "no direct effects on historic properties," but it identified "a new visual element" as a possible indirect impact due to trail construction on the opposite side of the road. DOT concluded that the indirect impact was minimal and found that there would be no adverse effect on historic properties.

3.    DOT forwarded this conclusion to DNR's Historic Preservation Officer, who concurred with DOT's assessment.  Ray disagreed with the decision that his property was not "recommended as eligible for listing" on the National Register and appealed to DNR's Director of Parks and Outdoor Recreation.  The Director agreed with DNR's concurrence and gave Ray information about appealing DNR decisions to the Commissioner.  The Commissioner allowed Ray to appeal the Director's decision, despite some doubts about whether a concurrence was appealable.[4]  The Commissioner granted Ray a hearing on two issues only:  whether the concurrence prevented Ray from pursuing a National Register listing and whether the facts underlying DOT's conclusion were accurate.  After the hearing the Commission denied the appeal and informed Ray of his right to appeal to the superior court.

---

[3]    (...continued)
PROGRAM: ABOUT US, http://www.nps.gov/nr/about.htm (last visited Jan. 25, 2017).  It "is part of a national program to coordinate and support public and private efforts to identify, evaluate, and protect America's historic and archeological resources."  *Id.*

DNR has a process through which property owners can nominate properties for inclusion in the National Register; a summary of the process is available online.  *See* http://dnr.alaska.gov/Assets/uploads/DNRPublic/parks/oha/hpseries/hp06.pdf.  As part of this process State Historic Preservation Officers review nominations.  *Id.*  National Park Service regulations permit an internal appeal when a Preservation Officer fails or refuses to nominate a property that an individual believes meets the criteria for inclusion in the National Register.  36 C.F.R. § 60.12(a) (2016).

[4]    The Alaska Historic Preservation Act does not mention a right to appeal. *See* AS 41.35.010-.240.  Additionally under AS 41.35.070(e) the governor can permit construction to proceed when DNR does not act within 90 days of a concurrence request.

4. Ray appealed the agency's final decision to the superior court, arguing that: (1) the Commissioner lacked authority to limit the issues at the hearing; (2) the survey inappropriately relied on federal regulations rather than on regulations promulgated by DNR pursuant to AS 41.35.050; (3) the Commissioner erred in affirming the finding of no adverse impact to Ray's property; and (4) the Commissioner erred in deciding that Ray suffered no prejudice from DNR's concurrence. After requesting supplemental briefing from the parties, the superior court concluded that it did not have subject matter jurisdiction to hear the appeal. The superior court noted that it had jurisdiction only when appeal was provided by law, and it concluded that no law gave it jurisdiction to hear the appeal. In the alternative the court reached the merits of the appeal and held that evidence in the record supported the Commissioner's determination that the construction project would not adversely affect the property and that DNR did not need to promulgate the National Register guidelines as regulations. Ray appealed to us.

5. We asked the parties to brief whether Ray's appeal was moot in light of the current road construction status. Construction initially was slated to occur in several phases, but the parties agree that the project scope was reduced and currently consists of two phases. The first phase, which minimally affected Ray's property, has been completed. Work related to the second phase has no direct effect on Ray's property because the closest work is approximately a quarter mile away. Ray's agency appeal was related to his own property — not property belonging to others — and in his hearing brief before the agency he sought reconsideration related to his property alone. Because the road work that directly affected Ray's property has been completed, no meaningful relief can be granted with respect to the superior court's decision as it applies to Ray's

property, and the case is thus moot.[5] Although Ray argues that the State could again re-scope the project with future changes that might directly affect him, "speculation about what other parties may choose to do in the future is exactly the sort of indeterminacy that the mootness doctrine was developed to avoid."[6]

6.  That a decision is not needed in this case is best demonstrated by the following two responses to Ray's primary points on appeal to us, (1) that he somehow has been adversely impacted preventing his property's inclusion on the National Register of Historic Places,[7] and (2) DNR has wrongfully failed to promulgate regulations to implement the Alaska Historic Preservation Act.[8] First, Ray never has been precluded from nominating his property for inclusion in the National Register of Historic Places. And second, Ray's argument that DNR has failed to promulgate regulations to implement the Alaska Historic Preservation Act is better addressed through the petition process set out in the Alaska Administrative Procedure Act.[9]

7.  No exception to the mootness doctrine applies.[10]

---

[5]  *See Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 535 (Alaska 2005) (observing that because drilling was complete and well was plugged, no relief could be granted to reverse the issuance of a permit).

[6]  *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 777 (Alaska 2001).

[7]  *See supra* note 3.

[8]  AS 41.35.010-.240.

[9]  *See* AS 44.62.220-.305.

[10]  The only exception the parties briefed was the public interest exception. Given the primary appeal points noted above, the public interest doctrine is inapplicable. *See Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska 1995) (setting out factors for public interest exception). We see no reason other exceptions would apply. *See Slade v. State, Dep't of Transp. & Pub. Facilities*, 336 P.3d 699, 700
(continued...)

8.      This appeal is DISMISSED.

---

<sup>10</sup>     (...continued)
(Alaska 2014) (voluntary cessation); *Peter A. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 146 P.3d 991, 994-95 (Alaska 2006) (collateral consequences).