NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| STEVE BACHMEIER, | ) |
| | ) Supreme Court No. S-16778 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-16-10273 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) AND JUDGMENT* |
| OF CORRECTIONS, | ) |
| | ) No. 1782 – July 29, 2020 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Steve Bachmeier, pro se, Anchorage, Appellant. Matthias R. Cicotte, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Maassen, and Carney, Justices. [Winfree, Justice, not participating.]

## I.    INTRODUCTION

A prison inmate appealed a disciplinary decision to the superior court, asserting that the contraband he allegedly possessed was improperly discarded before his disciplinary hearing. After the Department of Corrections (DOC) vacated the disciplinary decision and set a rehearing, the superior court granted DOC's motion to

---

\*      Entered under Alaska Appellate Rule 214.

dismiss on mootness grounds. The inmate appeals from this decision, arguing that his appeal was not moot and that he is entitled to costs. We affirm the superior court's order dismissing his appeal as moot, but remand for a revised order on costs.

## II. FACTS AND PROCEEDINGS

In September 2016 a corrections officer reported that Steve Bachmeier, a prison inmate, was in possession of "pruno," an alcoholic beverage made by fermenting juice, fruit, and other material. Following a disciplinary hearing, Bachmeier was found guilty of possessing contraband in violation of prison regulations.[1] Bachmeier appealed the disciplinary decision on the basis that the alleged contraband had been improperly discarded, but the prison superintendent ruled that food and liquids seized from inmates were not to be kept as evidence "due to sanitary issues" and that the disciplinary decision was adequately supported because "the officer smelled fermenting material."

Bachmeier filed an appeal to the superior court, asserting: (1) the alleged contraband was improperly discarded prior to the hearing; (2) the writer of the incident report had not been questioned; (3) the disciplinary committee improperly relied on the incident report as the sole basis for determining his guilt; and (4) he was prevented from presenting mitigating evidence.

After Bachmeier filed his opening brief, DOC agreed to vacate the disciplinary decision and sent the case back to the disciplinary committee for rehearing. DOC then moved to dismiss the superior court appeal on mootness grounds. In his response, Bachmeier conceded that all his claims were moot except for his claim that the evidence was improperly discarded. He argued that this issue was not moot because the

---

[1]     22 Alaska Administrative Code (AAC) 05.400(c)(7) (1999) (banning "possession, use or introduction of contraband").

superior court could order that the disciplinary case should be dismissed if DOC could not produce the alleged contraband.

The superior court granted the motion to dismiss, reasoning that Bachmeier would retain the same appeal rights should he have any objection to the evidence (or the lack of evidence) that would be introduced in the new hearing. Bachmeier appeals from this decision.

## III.    STANDARD OF REVIEW

"We apply our independent judgment to issues of mootness 'because as a matter of judicial policy, mootness is a question of law.' "[2]  A claim is moot when "a decision on the issue is no longer relevant to resolving" the dispute, or when "it has lost its character as a 'present, live controversy.' "[3]  In other words, a claim is moot when the "party bringing the action would not be entitled to any [further] relief even if he or she prevailed."[4]

## IV.    DISCUSSION

On appeal Bachmeier repeats his argument that his case was not moot because the superior court could have ruled that a new hearing would be an inadequate sanction for the destruction of the alleged contraband.  He relies on an unpublished opinion in which another inmate raised due process claims about the destruction of pills

---

[2]    *Clark v. State, Dep't of Corr.*, 156 P.3d 384, 386 (Alaska 2007) (quoting *Akpik v. State Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005)).

[3]    *Id.* at 387 (quoting *Municipality of Anchorage v. Baxley*, 946 P.2d 894, 899 (Alaska App. 1997)).

[4]    *Id.* (citing *Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1329 n.2 (Alaska 1995)).

that formed the basis for a "hoarding medication" citation.[5]  In that case, however, we granted the inmate the same relief that Bachmeier received:  we remanded the case for a new disciplinary determination.[6]

DOC also notes that Bachmeier has already exercised the opportunity to appeal to the superior court from the *rehearing* of his disciplinary determination.  The superior court has now issued a decision directly addressing Bachmeier's argument that DOC violated his due process rights by discarding the alleged contraband.[7]  There appears to be no remaining reason to rule on the superior court's decision to dismiss his initial appeal.

Bachmeier also raises an issue about the payment of costs.  In the superior court, Bachmeier filed a motion for reimbursement of costs, claiming that he required compensation for at least $17.50 in copying costs.  DOC responded that Bachmeier's account was not charged for copies because he was indigent, and therefore no compensation was necessary.  The superior court denied Bachmeier's request for reimbursement.

DOC now acknowledges that its records show that Bachmeier did appear to have paid at least some of the copying costs he claimed.  As a result, DOC does not object to a remand to the superior court to revise the order on costs.[8]

---

[5]    *See DeRemer v. State, Dep't of Corr.*, No. S-14647, 2014 WL 4952503, at *7 (Alaska Oct. 1, 2014).

[6]    *Id.* at *9.

[7]    *Bachmeier v. State, Dep't of Corr.*, No. 3AN-17-09426 CI (Alaska Super., Jan. 8, 2020).

[8]    Bachmeier also argues that the superior court should have imposed sanctions against DOC and its attorney, but there is no merit to this argument.

## V.    CONCLUSION

We therefore AFFIRM the superior court's order dismissing Bachmeier's appeal as moot.  However, we REMAND for a revised order on costs.