NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JOE C., <br><br>             Appellant, <br><br>     v. <br><br> STATE OF ALASKA, DEPARTMENT OF FAMILY AND COMMUNITY SERVICES, OFFICE OF CHILDREN'S SERVICES, <br><br>             Appellee. | Supreme Court No. S-19050 <br><br> Superior Court No. 3PA-22-00199CN <br><br> MEMORANDUM OPINION AND JUDGMENT* <br><br> No. 2068 – January 15, 2025 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kristen C. Stohler, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Terrence Haas, Public Defender, Anchorage, for Appellant. Mary Ann Lundquist, Senior Assistant Attorney General, Fairbanks, and Treg Taylor, Attorney General, Juneau for Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

---

\*        Entered under Alaska Appellate Rule 214.

## I.   INTRODUCTION

After a couple separated, the woman was awarded custody of their young son due to the man's history of domestic violence. The court prohibited the man from visiting their son, and he had no contact with the boy for approximately six years.

In 2022 the mother was arrested for driving under the influence (DUI) with the boy in the car, prompting the Office of Children's Services (OCS) to remove the boy from the mother's care. The superior court found that the boy was in need of aid and awarded OCS temporary custody. OCS required the mother to complete substance abuse treatment and demonstrate that she was able to provide a safe home for the boy.

After the mother complied with OCS's requirements, OCS asked the court to release custody to the mother and dismiss the case. The father moved to vacate the adjudication; he also asked the court not to rule on OCS's motion until after he had time to review discovery about the mother's substance abuse treatment and respond. The mother opposed the father's motion, pointing out that the father was not entitled to oppose dismissal of the case because that result favored both parents. The court granted OCS's motion to release custody back to the mother and close the case.

The father appeals, but his claims are moot. We therefore affirm the superior court's dismissal of the child in need of aid (CINA) case.

## II.   FACTS AND PROCEEDINGS

### A.   Facts

Joe and Monica[1] separated in 2016 when their son was 3 years old. Monica was granted a long-term domestic violence protective order against Joe; she was also granted sole legal and primary physical custody of their son after the court found that Joe's violent behavior posed a threat to their health, safety, and wellbeing.

---

[1]   We use pseudonyms to protect the family's privacy.

The court denied Joe visitation; he left Alaska and had no contact with the boy until November 2022.

Monica was arrested for DUI in October 2022 with the boy in the car. OCS investigated and created a safety plan that required the boy to stay with a family friend and Monica to pursue substance abuse treatment.

After Monica failed two breath alcohol tests in the following weeks and was jailed for violating her release conditions in the DUI case, OCS filed a petition for temporary custody of the boy.[2] The petition alleged the boy was a child in need of aid based on both the history of domestic violence between Monica and Joe[3] and Monica's alcohol abuse.[4] The superior court granted OCS temporary custody, and OCS placed the boy with a family friend.

### B. Proceedings

#### 1. Events leading to adjudication

The initial probable cause hearing on OCS's petition was continued a number of times because Joe denied paternity of the boy,[5] and both parents had difficulty obtaining lawyers. After Monica obtained appointed counsel, she stipulated to probable cause that the boy was in need of aid. The court made findings in late

---

[2] *See* AS 47.10.011(2) (providing child in need of aid when "parent . . . is incarcerated, other parent is absent or has committed conduct or created conditions that cause the child to be a child in need of aid . . . and the incarcerated parent has not made adequate arrangements for the child").

[3] *See* AS 47.10.011(6) (providing child in need of aid when "child has suffered substantial physical harm, or . . . is [at] substantial risk . . . [of] physical harm, as a result of conduct by or conditions created by the child's parent").

[4] *See* AS 47.10.011(10) (providing child in need of aid when "parent['s] ability to parent has been substantially impaired by the addictive or habitual use of an intoxicant, and [that] addictive or habitual use . . . has resulted in substantial risk of harm to the child . . .").

[5] Joe's paternity was later confirmed.

February 2023. After several changes to Joe's court-appointed counsel arising from conflicts of interest and allegations that he threatened his attorneys, the court appointed the Public Defender Agency (PDA) to represent him in June 2023.

Monica stipulated to adjudication, but Joe requested a contested hearing which the court scheduled for December 2023. Joe's counsel changed again in early December. His new attorney requested a continuance of "at least three months" to allow him more time to review Joe's case. The court granted the motion, vacated the hearing date, and scheduled a trial-setting conference for early January. Joe and his new attorney failed to appear at the trial-setting conference.

### 2. Adjudication and subsequent events

During the January trial-setting conference, the court entered adjudication findings based on Monica's stipulation that the boy was in need of aid due to her alcohol abuse.[6] OCS informed the court that Monica had begun a trial home visit with the boy in November, and that both were "doing well." The court scheduled a disposition hearing in early March.

Joe moved to vacate the adjudication order and findings, asserting that his attorney had been unable to attend the hearing due to an illness. The court granted Joe's motion to vacate the adjudication, and scheduled a new trial-setting hearing for early March.

In late February Joe filed a disposition report asking the court to order that the boy remain in OCS custody for no more than two additional years due to Monica's substance abuse, which he alleged was continuing. Later that day, OCS moved to release custody to Monica and close the case. The motion was supported by an OCS caseworker's affidavit attesting to Monica's efforts to address her alcohol problem and complete her case plan requirements.

---

[6]     *See* AS 47.10.011(10).

Three days before the March hearing to set a new trial date, Joe filed a motion for an additional 45 days to respond to OCS's motion to release custody, arguing that discovery was incomplete.[7] At the March hearing he argued that he needed discovery to determine whether Monica had actually completed her treatment as OCS had claimed.

Monica opposed Joe's motion a week later, asking the court to release custody to her. She argued that Joe's attorney had known since he was appointed in early December that he needed to obtain discovery and had not done so in a timely manner. She also argued that Joe was not entitled to oppose OCS's motion to release custody because the release of custody would result in the petition's dismissal in Joe's favor.[8] OCS and the boy's guardian ad litem (GAL) joined Monica's opposition.

Joe responded by reducing his request for additional time to 10 days, noting that OCS had recently fulfilled his discovery request. Joe also argued that he was entitled to oppose the release of custody.

The court denied Joe's request for additional time and separately granted OCS's motion to release custody. The court signed OCS's proposed order releasing custody, closing the case, and vacating all remaining court dates. The court included a

---

[7] Joe's attorney cites ongoing delays in obtaining discovery. First he sought a continuance on December 8 after being newly appointed to Joe's case on the basis that he required "more time to review the file and prepare for the hearing." On February 23 he noted that the discovery he received from his predecessor, which contained discovery from OCS in June 2023, was heavily redacted. He sought a docket list from the court on February 7. But it was not until March 1 that he first submitted requests for production to OCS.

[8] *See Clementine F. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 375 P.3d 39, 45 (Alaska 2016) (affirming release of custody to father despite mother's claim that she needed to substantiate allegations against father because mother was granted "all the relief to which she was entitled" by dismissal of CINA petition in her favor).

handwritten note that its decision was based on "[OCS's] Motion for Release of Custody[,] the Father's Motion for Enlargement of Time, [and] the responses thereto[.]"

Joe moved to stay the order releasing custody, arguing that the discovery he received from OCS showed that Monica may not have completed her substance abuse treatment. OCS opposed, asserting its authority to release a child from state custody, "if [i]t files a motion with the court for release of state custody that describes the release is in the best interest of the child." The court denied Joe's motion. Joe appeals.

## III. STANDARD OF REVIEW

"We will refrain from deciding questions where events have rendered the legal issue moot."[9] "Because it is a matter of judicial policy, mootness presents a question of law."[10] "We therefore apply our independent judgment to claims of mootness."[11]

## IV. DISCUSSION

Joe argues the superior court abused its discretion by dismissing the case without allowing him additional time to oppose OCS's motion to close the case, and failing to make specific written findings that releasing custody to Monica was in their son's best interests.[12] He argues that by denying his request for more time, the court deprived him of the opportunity to present evidence that could have demonstrated

---

[9] *Fairbanks Fire Fighters Ass'n, Loc. 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (quoting *Gerstein v. Axtell*, 960 P.2d 599, 601 (Alaska 1998)).

[10] *Peter A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 146 P.3d 991, 993-94 (Alaska 2006) (citing *Akpik v. State, Off. of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005)).

[11] *Id*.

[12] He cites the requirement in AS 47.14.100(p)(3) that "a court make[] a written finding that release from state custody is in the best interest of the child."

Monica failed to complete her substance abuse treatment, and could have cast doubt on whether returning custody to Monica was in the boy's best interests.

We have recognized that the denial of a continuance may warrant reversal and amount to an abuse of discretion when it deprives the requesting party of relief to which it is entitled,[13] denies adequate time to prepare,[14] or materially alters the party's ability to present its case at trial.[15] But if a claimant cannot demonstrate that it would be entitled to relief if it prevailed, the claim may be moot and therefore dismissed.[16] "A claim is moot 'if it has lost its character as a present, live controversy' or 'the party bringing the action would not be entitled to any relief even if it prevails.' "[17] To overcome mootness, Joe "must show either that concrete relief would be available to him if this court reversed the . . . order or that the issue falls into one of the exceptions to the mootness doctrine."[18]

Joe cannot demonstrate that he would be entitled to any relief if he were granted additional time and a hearing at which to present the evidence he claims would undermine OCS's decision. We have previously affirmed the dismissal of a CINA petition over the opposition of one parent on the basis that the dismissal mooted the

---

[13] *Clementine F.*, 375 P.3d at 45.

[14] *Ben M. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 204 P.3d 1013, 1018-19 (Alaska 2009).

[15] *Hannah B. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 289 P.3d 924, 931 (Alaska 2012).

[16] *See Clementine F. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 375 P.3d 39, 46 (quoting *Fairbanks Fire Fighters Ass'n, Loc. 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).

[17] *Mullins v. Loc. Boundary Comm'n*, 226 P.3d 1012, 1017 (Alaska 2010) (quoting *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001)).

[18] *Peter A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 146 P.3d 991, 994 (Alaska 2006). Joe makes no argument that his case falls under an exception.

parent's request for a continuance.[19]  In *Clementine F. v. State, Department of Health and Social Services, Office of Children's Services*, OCS filed a CINA petition due to a mother's ongoing substance abuse.[20]  The father, who resided out of state, asked that the child be released into his custody over the mother's objections.[21]  The mother asked the court to deny the father's motion and conduct an evidentiary hearing on whether the father "posed a risk to [the child's] safety."[22]  The superior court denied the mother's request, dismissed the petition, and released custody to the father.[23]

The mother appealed, arguing that she was entitled to a continuance under the CINA rules to obtain discovery for an evidentiary hearing on whether placement with the father was in their child's best interests.[24]  We affirmed the superior court's denial of the motion to continue.[25]  We concluded that the mother was not entitled to a continuance to oppose the release of custody because the CINA rules did not "entitle her to further review of a matter already settled in her favor."[26]  We explained that the superior court "granted [her] all the relief to which she is entitled by dismissing the allegations against her and ordering [the child] release[d] from OCS custody."[27]

Joe does not argue that the court should award custody of their son to him instead of Monica.  He seeks instead to have OCS, rather than Monica, retain custody

---

[19]     *Clementine F.*, 375 P.3d at 46.

[20]     *Id*. at 41.

[21]     *Id*. at 41-42.

[22]     *Clementine F. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 375 P.3d 39, 42 (Alaska 2016).

[23]     *Id*. at 42-43.

[24]     *Id*. at 43.

[25]     *Id*. at 47.

[26]     *Id*. at 45.

[27]     *Id*.

of the boy. But "[a] 'naked desire for vindication' does not save an otherwise dead controversy from mootness."[28] The existing custody order prohibits any contact between Joe and the boy. And OCS's petition for custody was based upon Joe's history of domestic violence as well as Monica's substance abuse. Like the mother in *Clementine F.*, Joe was afforded "all the relief to which [he] is entitled" when the superior court dismissed the CINA petition and its claims against him.[29] His case is therefore moot.[30]

## V.   CONCLUSION

The superior court's order is AFFIRMED.

---

**28**    *Peter A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 146 P.3d 991, 994 (Alaska 2006) (citing 13A CHARLES ALAN WRIGHT ET AL., PRACTICE AND PROCEDURE § 3533 (2d ed. 1984)).

**29**    *Clementine F. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 375 P.3d 39, 45 (Alaska 2016).

**30**    Joe also argues that the court's order was deficient because it did not include an express statement that releasing custody and dismissing the case was in the child's best interests. *See* AS 47.14.100(p)(3). While we agree with Joe that the court must make such a finding, the record, particularly the evidence OCS cites in support of its motion, reveals that it was in the boy's best interest. We again remind the superior court, however, to exercise caution in signing form orders provided by a party to a CINA case.